2. that the motion for an evidentiary hearing is DENIED;

3. that the motion for supplemental argument is DENIED;

4. that the motion for additional transcripts is DENIED;

5. The Clerk of the Court is directed to CLOSE THE FILE.

Samuel A. **ZERVITZ**

v.

**HOLLYWOOD PICTURES, et al.**

**Civil Action No. WMN–94–1068.**

United States District Court,
D. Maryland.

Nov. 26, 1996.

Frances Joseph Gorman, Gorman & Williams of Baltimore, MD, for Plaintiff.

Thomas C. Gentner, Rollins, Smalkin, Richards & Mackie of Baltimore, MD, for Defendants.

## *MEMORANDUM*

NICKERSON, District Judge.

A jury trial on the merits of this copyright infringement case having resulted in a Plaintiff's verdict, pending before the Court are the following post-trial motions filed by Defendants: 1) Motion for New Trial and/or Judgment Notwithstanding the Verdict, Paper No. 101; 2) Motion by Defendants Hollywood Pictures, Inc. and Buena Vista Distribution, Inc. for Judgment Notwithstanding the Verdict or, in the Alternative, Modification of the September 19, 1996 Judgment, Paper No. 103; and 3) Motion for New Trial or in the Alternative Remittitur as to the Award of Actual Damages, Paper No. 102.[1] Plaintiff opposed these motions and Defendants replied. Upon a review of the motions and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6), that Defendants' first motion will be denied, and that Defendants' second and

---

1. Three other motions are also pending, Plaintiff's motions for fees, costs, and for a permanent injunction. Paper Nos. 98–100. These motions have been set in for a hearing at a later date and will not be treated in this memorandum.

third motions will be granted in part and denied in part.

## BACKGROUND

Plaintiff wrote a six page movie synopsis entitled "Recruiting" which he submitted to Barry Levinson, a movie producer. His synopsis was described by Levinson's assistant as "interesting," but she declined to purchase the synopsis in that form, suggesting that Plaintiff get back to her if and when he had expanded the synopsis into a script. Subsequently a movie entitled "The Air Up There" was produced by Defendants, one of whom had been associated with Barry Levinson and had corresponded on another film idea with Plaintiff. A number of similarities between Plaintiff's "Recruiting" and the movie "The Air Up There" led Plaintiff to argue that Defendants had stolen his idea, thereby infringing his copyright. After an eight-day trial, Plaintiff received a jury verdict in the following amounts: $222,000 in actual damages (jointly and severally against all Defendants); $278,808.00 against Defendant Hollywood Pictures for profits; $278,808.00 against Defendant Buena Vista Pictures Distribution for profits; and $600,000.00 against Defendant Interscope Communications, Inc. for profits. Paper No. 97.

## I. Defendants' Motion for New Trial and/or Judgment Notwithstanding the Verdict

Defendants move for a new trial under Fed.R.Civ.P. 59 and renew their motion for judgment as a matter of law under Fed.R.Civ.P. 50(b). In considering a motion for a new trial under Rule 59, a court should set aside the verdict if the trial judge finds that it is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice. *Poynter v. Ratcliff,* 874 F.2d 219, 223 (4th Cir.1989). In ruling on a motion for judgment as a matter of law after the jury has returned a verdict, under Rule 50(b), the trial court must consider the record as a whole, viewing the evidence in the light most favorable to the nonmoving party and giving that party the benefit of all reasonable inferences which arise from the evidence. *Wilhelm v. Blue Bell, Inc.,* 773 F.2d 1429, 1432-33 (4th Cir.1985), *cert. denied,* 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986). The trial court may not weigh evidence or assess the credibility of witnesses. *Id.* The court must determine whether there is substantial evidence in the record to support the jury's findings. *Id.*

Defendants argue that there was no jury instruction given which explained that there is no copyright infringement where the defendant shows that there was independent creation of the allegedly infringing property, and that the lack of such instruction may have caused confusion for the jury as to how to make use of Defendants' evidence of independent creation. This evidence consisted primarily of the testimony and notes of Dr. Max Apple, the writer given credit for "The Air Up There," which showed that his ideas for the movie allegedly predated the submission of Plaintiff's treatment.

Defendants did not object to the Court's jury instruction on the definition of infringement at the time of trial, however. *See* Fed.R.Civ.P. 51 and *City of Richmond v. Madison Mgmt. Group, Inc.,* 918 F.2d 438, 453–54 (4th Cir.1990) (purpose of Rule 51 is to prevent unnecessary new trials because of errors which might have been corrected if they had been brought to the judge's attention at the proper time). Moreover, as aptly explained by Plaintiff in his opposition, the instruction given was consistent with Fourth Circuit law. *See* Paper No. 112 at 4–5. Therefore, Defendants' motion for a new trial will be denied.

Alternatively, Defendants argue for judgment as a matter of law on the ground that there was sufficient evidence to find that there was independent creation so as to prevent a reasonable jury from finding for Plaintiff. Nevertheless, given the Plaintiff's challenges to the credibility of the dates in Dr. Apple's notes and the jury's apparent agreement with Plaintiff's argument, Defendants have failed to show that no reasonable jury could find for Plaintiff on the issue of independent creation.

Defendants further argue that there are striking differences between "Recruiting" and "The Air Up There" which generally should have prevented a reasonable jury from finding for Plaintiff. Plaintiff counters that there was substantial evidence of simi-

larity between "Recruiting" and "The Air Up There" provided to the jury to support its finding of infringement. It is clear to the Court that there was sufficient evidence such that a reasonable jury could find for Plaintiff, and that no miscarriage of justice resulted in the jury's so doing. Therefore, Defendants' motion will be denied.

## II. Defendants Hollywood Pictures and Buena Vista Pictures, Inc.'s Motion for Judgment Notwithstanding the Verdict or, in the Alternative, Modification of the Judgment

■ Defendants Hollywood Pictures and Buena Vista Pictures argue that there was insufficient evidence to show that they were vicarious or contributory infringers, especially Buena Vista which merely had a contractual relationship with Interscope, Inc. to distribute the film. Plaintiff argues that it is immaterial whether these corporate defendants could be liable for vicarious infringement because there was sufficient evidence to establish their direct infringement through distribution of the infringing film. *See* Paper No. 110 at 3–7 (citing numerous cases).

Defendants state that Hollywood Pictures had the obligation to distribute, through Buena Vista Pictures Distribution, Inc., all Interscope films. Paper No. 103 at 5. Although the precise nature of the relationship between Hollywood Pictures and Buena Vista was not established at trial, there was sufficient evidence for a reasonable jury to find that both of these corporate defendants were involved in distribution of the film. To the extent that Defendants failed to clear up any confusion for the jury, as the party that possessed the knowledge to do so, they cannot now complain about the verdict which resulted.

■ Defendants alternatively seek a modification of the judgment which currently, in their view, reflects a duplication of the same award for lost profits for which these two defendants were held jointly liable. Such a modification would hold the two entities jointly liable for $278,808 instead of holding them individually liable for that amount.

Plaintiff counters that the separate awards of $278,808 against each of these defendants were supported by the stipulation that the profits earned by these two defendants for the distribution was (11% × $7,241,775) or $796,595. The jury then presumably multiplied this number by 70% (the testimony was that 70% of "The Air Up There" was derived from "Recruiting") divided the product in half and assessed half of the profits against each company.

There was a sufficient basis for a reasonable jury to find the two corporate Defendants liable for the total amount of lost profits awarded. Therefore, Defendants' motion to reduce by half the liability of these two corporate Defendants will be denied. To the extent that the jury did not have a basis for splitting the joint liability equally between the two corporations, the Court will modify the judgment to hold both corporations jointly liable for the total amount, to allow the corporate entities to work out between themselves which corporation owes how much.

## III. Defendants' Motion for New Trial or in the Alternative Remittitur as to the Award of Actual Damages

■ Defendants argue for a new trial on the issue of actual damages or alternatively for a remittitur on the grounds that the award of $222,000.00 in actual damages was impermissibly high. Defendants claim that the award did not take into consideration a number of factors which would have entered into the calculations of what amount a "willing buyer" and a "willing seller" would have placed on Plaintiff's work. For example, this amount was apparently roughly based on the $275,000 Dr. Apple was paid for his work, but Dr. Apple was a writer with more experience, and Dr. Apple put in almost a year's work on the screenplay.

Although the Court will deny the request for a new trial on the question of damages, the Court is persuaded that the award of actual damages in the amount of $222,000.00 is against the weight of the evidence and grossly in excess of what Plaintiff could reasonably have expected to be paid for his synopsis. Therefore, the Court will grant Defendants' motion for a remittitur. *See Linn v. United Plant Guard Workers of America*, 383 U.S. 53, 65–66, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966) (where damage award is

excessive, it is duty of trial judge to require remittitur or new trial); *Atlas Food Sys. and Serv., Inc. v. Crane Nat'l Vendors, Inc.,* 99 F.3d 587 (4th Cir.1996). In ordering a remittitur, the Court must determine the maximum amount the jury could have reasonably awarded. *Allred v. Maersk Line, Ltd.,* 826 F.Supp. 965, 972 (E.D.Va.1993), *modified,* 35 F.3d 139 (4th Cir.1994).

■ Defendants argue that the proper amount of actual damages is somewhere in the range of $15,375.00—$23,063.00, the amount Plaintiff would have received for a movie synopsis under the Writers Guild agreement which was admitted into evidence. Plaintiff argues that if he had been given the opportunity to do so, he would have written more than just a synopsis. Indeed Plaintiff's presumptive reason for bringing this lawsuit was that he was denied the opportunities to convert his synopsis into a complete screenplay and to be paid accordingly.

The Court finds the maximum amount the jury reasonably could have awarded to be $75,000 in actual damages. The Court reaches this amount on the evidence that was before the jury that Dr. Apple was paid $75,000 for his first movie, "Roommates." Plaintiff, who had not made a movie prior to writing "Recruiting," other than a short feature for which he was paid $800, could not reasonably have expected to make more than Dr. Apple did for his first movie. Therefore, Defendants' Motion for Remittitur is granted and the award of actual damages is reduced from $222,000 to $75,000.

## IV. Conclusion

For the above-stated reasons, Defendants' Motion for New Trial and/or Judgment Notwithstanding the Verdict will be denied. The Motion by Defendants Hollywood Pictures, Inc. and Buena Vista Distribution, Inc. for Judgment Notwithstanding the Verdict or, in the Alternative, Modification of the September 19, 1996 Judgment will be granted in part in that the judgment will be modified to hold the two corporate defendants jointly liable for the sum of their prior individual liabilities. Defendants' Motion for New Trial or in the Alternative Remittitur as to the Award of Actual Damages will be granted in part and denied in part in that the award of actual damages will be reduced to $75,000. A separate Order will issue.

## ORDER

In accordance with the foregoing Memorandum and for the reasons stated therein, IT IS this 26th day of November, 1996, by the United States District Court for the District of Maryland, ORDERED:

1. That Defendants' Motion for New Trial and/or Judgment Notwithstanding the Verdict, Paper No. 101, is DENIED;

2. That the Motion by Defendants Hollywood Pictures, Inc. and Buena Vista Distribution, Inc. for Judgment Notwithstanding the Verdict or, in the Alternative, Modification of the September 19, 1996 Judgment, Paper No. 103 is GRANTED IN PART AND DENIED IN PART;

3. That the Motion for New Trial or in the Alternative Remittitur as to the Award of Actual Damages, Paper No. 102, is GRANTED IN PART AND DENIED IN PART;

4. That the September 19, 1996 Judgment is MODIFIED such that

a) the award of actual damages (item 1) is reduced to $75,000.00; and

b) in place of items 2 and 3, the following is inserted: "That judgment is entered in favor of Plaintiff against Defendants Hollywood Pictures, Inc. and Buena Vista Pictures Distribution, Inc. in the amount of $557,616.00 for profits;" and

5. That the Clerk of the Court shall mail copies of the foregoing Memorandum and this Order to all counsel of record.